UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60471-CIV-MARRA

JORGE APARICIO,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report of the Magistrate Judge, filed May 11, 2009, to which no objections have been filed. (DE 19). The Court has reviewed the record *de novo*, considering the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Petition (DE 1), the Report of the Magistrate Judge, and the entire record. On May 11, 2009, the Magistrate Judge filed a Report and Recommendation (DE 19) finding, among other things, that counsel had been ineffective in failing to file a notice of appeal and recommending that the motion be granted.

After reviewing the Report and Recommendation, the Court accepts and adopts its findings and conclusions as to the ineffective assistance of counsel in failing to file a notice of appeal. Petitioner is entitled to a belated appeal because of the ineffective assistance of counsel in failing to file a notice of appeal. Therefore, the procedure described in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000) will be applied to this case.[1] Pursuant to McIver

---

[1] The four-step procedure outlined in Phillips, 225 F.3d at 1201 instructs that: (1) the judgment in movant's criminal case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with

v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002), the Court will dismiss without prejudice the remainder of Petitioner's current § 2255 motion.

For the reasons stated in Magistrate Judge White's Report, and upon independent review, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report (DE 19) is hereby **ADOPTED** to the extent that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (DE 1) is GRANTED as to ineffective assistance of counsel in failing to file a notice of appeal.

2. The remaining issues raised in the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (DE 1) are DISMISSED WITHOUT PREJUDICE.

3. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (DE 1) is GRANTED IN PART AND DISMISSED IN PART as set forth above. The Clerk shall enter a judgment in the civil case granting in part and dismissing in part the Petition.

4. In Case No. 03-60078-cr-Marra, the Judgment in a Criminal Case (DE 980) as to Jorge Aparicio is VACATED.

5. Defendant Jorge Aparicio is hereby re-sentenced to the same sentence as originally imposed in the Judgment in a Criminal Case (Case 03-60078-cr-Marra, DE 980), and the Clerk of the Court shall enter a new Judgment in a Criminal Case imposing the same terms as originally imposed, identical in all respects to the original judgment, save only for the date of entry.

---

F.R.App.P 4(b)(1)(A)(i).

6. The Court also specifically advises Petitioner that the entry of the new judgment creates a ten-day period within which Petitioner may prosecute a direct appeal of his criminal conviction. Thus, Petitioner shall have ten (10) days from the date of entry of the judgment to file a notice of appeal.

7. Attorney Ruben Maurice Garcia is appointed in the criminal case to file a direct appeal of Petitioner's criminal conviction and sentence.

8. The Clerk shall file a certified copy of the civil judgment in favor of Petitioner in the associated criminal file, and CLOSE the civil case file.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2009.

_____
KENNETH A. MARRA
United States District Judge

Copes to:
Magistrate Judge Patrick A. White
all counsel of record